OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about February 17, 2012, affirmed, without costs.
We sustain the dismissal after trial of this holdover eviction proceeding, petitioner landlord having failed to establish by competent evidence that tenant violated paragraph 23 (c) (3) of the governing Department of Housing and Urban Development (HUD) lease agreement, which authorized landlord to terminate the lease in the event that tenant or persons within specified categories engaged in “drug-related criminal activity” in or near the building premises. The landlord’s trial presentation consisted largely of its admission into evidence of a certificate of disposition issued by the Criminal Court of the City of New York indicating that, on June 23, 2011, tenant pleaded guilty to one count of unlawful possession of marihuana under Penal Law § 221.05, a violation, and tenant’s testimony acknowledging the above conviction. The only evidence specifically bearing on the facts underlying the conviction was tenant’s perfunctory testimony — elicited on the landlord’s case-in-chief — that he was stopped or “grabbed” by a single police officer as he exited the building and that the officer’s search yielded one bag containing an unspecified amount of marihuana. Without more, landlord’s sparse evidence was insufficient to meet its burden of showing that tenant engaged in “[d]rug-related criminal activity,” a term defined under governing federal regulations as “the illegal manufacture, sale, distribution, or use of a drug, or possession of a drug with intent to manufacture, sell, distribute or use the drug” (24 CFR 5.100). On this limited record, and absent any proof concerning the background facts or circumstances surrounding tenant’s arrest, his intent vis-a-vis the marihuana is not properly inferable, and thus no breach of the federally *7 mandated lease provision here at issue — requiring possession accompanied by an unlawful intent — was shown.
Lowe, III, EJ., and Shulman, J., concur.